### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim. No. 16-88** |
| | : | |
| **MOHAMMED JABATEH** | : | |

---

**Diamond, J.**                                                    **October 19, 2024**

### MEMORANDUM OPINION

After a two week trial, the jury convicted Mohammed Jabateh of immigration fraud and perjury.  18 U.S.C. §§ 1546(a), 1621.  Jabateh moves to vacate his fraud convictions, arguing that the fraud statute does not apply to his conduct, and that his trial counsel failed ineffectively to make this argument.  (Doc. No. 156); 28 U.S.C. § 2255.   Because the Third Circuit rejected the 1546(a) argument on Jabateh's direct appeal, he may not relitigate the issue on collateral attack.  Further, trial counsel was not ineffective for failing to anticipate a change in the law.  Accordingly, I will deny Jabateh's Motion.

### I.       BACKGROUND

The trial evidence showed that from 1992 through 1995, Jabateh commanded the United Liberation Movement of Liberia during that nation's civil war.  See United States v. Jabateh, 974 F.3d 281, 287 (3d Cir. 2020).  Under his command—and often at his explicit direction—"fighters brutalized prisoners of war and civilians" (usually members of "enemy" tribes.)  Id. at 288.  Jabateh's followers committed murders, rapes, torture, and ritual cannibalism.  Id. They enslaved women to serve as sexual captives.  Id.

After the civil war ended, Jabateh applied to the United States for asylum.  Id. at 289.  On his U.S. Citizenship and Immigration Services Form I-589, he answered "yes" to whether he had belonged to or had been associated with any organizations in his home country, such as military

or paramilitary groups.  Id.  He falsely responded "no," however, to whether he had "ever caused harm or suffering to any person because of his or her race, religion, nationality, membership in a particular social group or belief in a particular political opinion, or ever ordered, assisted, or otherwise participated in such acts."  Id.  He attached a personal statement in which he dishonestly cast himself as an innocent victim of ethnic persecution who did clerical and administrative work. He never mentioned his violence, military activities, or the related abuses.  Id. In 1999, Jabateh met with a USCIS Asylum Officer.  He orally confirmed his written answers and falsely responded "no" to the Officer's questions respecting whether Jabateh had "ever committed a crime" or "harmed anyone else."  Id. at 289-90.  Based on these false statements, the United States granted Jabateh asylum.  Id. at 290.

In 2001, Jabateh applied for permanent residency in the United States.  Id.  On his "Form I-485," he again falsely answered "no" to whether he had: 1) "ever engaged in genocide, or otherwise ordered, incited, assisted or otherwise participated in the killing of any person because of race, religion, nationality, ethnic origin or political opinion"; and  2) "by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the U.S. or any immigration benefit."  Id.  In 2011, a USCIS Officer questioned Jabateh under oath about his 2001 application.  Id.  Reviewing Jabateh's written answers, the Officer asked the same two questions orally.  Id.  Jabateh orally answered "No," to both.  Id.  Once again, these answers were false.

In 2016, a grand jury charged Jabateh with two counts of fraud in immigration documents and two counts of perjury, all based on his false oral statements during the 2011 interview.  Id.; (Doc. No. 1); 18 U.S.C. §§ 1546(a), 1621.  The ten-year limitations clock governing § 1546 had run, barring Jabateh's prosecution for the 2001 false written statements he had made in the Form

I-485.  See Jabateh, 974 F.3d at 291 (citing 18 U.S.C. §§ 3282, 3291).

The jury convicted Jabateh of all charges: two counts of fraud and two counts of perjury.  Id.  I sentenced him to consecutive imprisonment terms of 120 months on each of fraud count and 60 months on each perjury count: a total of 360 months.  (Doc. No. 143.)

Gregory Pagano represented Jabateh at trial.  (Doc. No. 6.)  On appeal, Jabateh retained new counsel, who argued for the first time that § 1546(a) did not encompass Jabateh's false oral statements—even those he made in connection with identical written statements.  See Jabateh, 974 F.3d at 281.  This was an issue of first impression nationally.  Id.  After conducting an exhaustive analysis of the statute's language and history, the Third Circuit Panel held that § 1546(a) "applies only to material, false statements made in a document under oath or penalty of perjury, not false statements made orally under oath about that document."  Id. at 297.  Because Mr. Pagano did not raise this issue, the Panel applied plain error review:

> Jabateh did not raise this issue before the District Court.  As a result, our review is defined by Federal Rule of Criminal Procedure 52(b), and we may only reverse if the erroneous interpretation of § 1546(a) is "plain."

Id. at 298 (citing United States v. Payano, 930 F.3d 286, 192 (3d Cir. 2019)).  Concluding the error was not plain, the Panel rejected Jabateh's appeal in a precedential opinion.  Id. at 299-300.

Jabateh unsuccessfully sought review en banc, arguing, *inter alia*: that the Panel misapplied the Rule 52(b) plain error standard, and that it would violate due process to uphold his § 1546(a) conviction when the statute did not cover his conduct.  Appellant Jabateh's Petition for Rehearing En Banc at 3, United States v. Jabateh, 974 F.3d 281 (2020) (No. 18-1981); Sur Petition for Rehearing, United States v. Jabateh, 974 F.3d 281 (2020) (No. 18-1981) (en banc rehearing denied).  Jabateh repeated these arguments in his petition for certiorari, which the Supreme Court denied.  See Petition for Writ of Certiorari at 11, United States v. Jabateh, 142 S. Ct. 73 (2021);

Jabateh, 142 S. Ct. 73 (certiorari denied).

Jabateh now moves for habeas relief.  28 U.S.C. § 2255; (Doc. No. 156.)  I will deny his Motion.

## II.    LEGAL STANDARDS

I may grant relief under § 2255 where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States, . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack;" or (2) "the court was without jurisdiction to impose such sentence."  28 U.S.C. § 2255(a).  "A Section 2255 petition is not a substitute for an appeal, nor may it be used to relitigate matters decided adversely on appeal."  Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1074-75 (3d Cir. 1985).  Where "the record affirmatively indicates that the claim for relief is without merit," I may deny relief without holding an evidentiary hearing. Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972).

## III.    DISCUSSION

Jabateh argues that because the Panel held that § 1546(a) does not apply to the 2011 false oral statements on which his fraud convictions are based, I must vacate those convictions.  (Doc. No. 156.)  Once again, Jabateh made the identical argument unsuccessfully to the Panel and the Circuit en banc as well as to the Supreme Court.  See Brief for Appellant Jabateh at 21, United States v. Jabateh, 974 F.3d 281 (No. 18-1981); Petition for Writ of Certiorari at 9, United States v. Jabateh, 142 S. Ct. 73 (2021).

Although the Panel held that § 1546(a) does not apply to false oral statements, it nonetheless upheld Jabateh's convictions on plain error review.  Jabateh, 974 F.3d at 299-300.

The Panel first applied the Supreme Court's definition of Rule 52(b) "plain error":

> (1) There is an error[,] (2) the error is plain[,] and (3) the pain error "affect[s] substantial rights."

Id. (citing United States v. Olano, 507 U.S. 725, 732 (1993)). The Panel then reasoned that the error in applying § 1546(a) to Jabateh's oral statements "is not sufficiently 'plain' to warrant reversal." Id. at 298. The Panel defined plain as follows:

> The term "'[p]lain' is synonymous with 'clear' or, equivalently, 'obvious'" . . . . And the deeper the interpretive inquiry, the less obvious, at least at the outset, the answer.

Id. at 298-99 (quoting Olano, 507 U.S. at 734). The Panel found persuasive that there was no federal authority addressing whether § 1546(a) could apply to false oral statements made to immigration authorities. Although a "'lack of precedent alone will not prevent us from finding plain error' . . . 'this court rarely finds plain error in [matters of first impression.]'" Id. (quoting United States v. Stinson, 734 F.3d 180, 184 (3d Cir. 2013); United States v. Seals, 813 F.3d 1038, 1047 (7th Cir. 2016)).

The Panel thus concluded:

> Taken together, the novel question of whether § 1546(a) is best read to include oral statements is not an interpretive exercise that falls within the exacting limits of [Rule] 52(b).

Id. at 299.

The Panel also underscored that "'Rule 52(b) is permissive, not mandatory.'" Id. at 298 (quoting Olano, 507 U.S. at 735). Accordingly, "[t]he plain error doctrine allows courts to notice and correct, *at their discretion*, errors raised for the first time on appeal." Id. at 298 (quoting Wiborg v. United States, 163 U.S. 632, 658 (1896)) (emphasis added).

All these considerations convinced the Panel to decline to exercise its discretion under Rule

52(b), thus concluding that applying § 1546(a) to Jabateh's 2011 false oral statements "is not clear, plain error." Id. at 299.

Although his Motion often generates more heat than light, Jabateh does not challenge the Panel's definition of plain error.  Rather Jabateh urges that the plain error rule "has no application to motions under § 2255." (Doc. 159 at 2.).  In support, Jabateh offers United States v. Frady, where the Court declined to apply the plain error standard on habeas review because it is a "well-settled principle that to obtain collateral relief a prisoner must clear a *significantly higher hurdle* than would exist on direct appeal." Frady, 456 U.S. 152, 166 (1982) (emphasis added).  Jabateh thus ignores that on direct appeal, the Panel had rejected the argument that Jabateh offers here as not making out plain error.  Jabateh, 974 F.3d at 281.  Jabateh nonetheless now urges under Frady that the same argument can clear a "significantly higher hurdle" on collateral review.  Frady, 456 U.S. at 166.  This obviously makes no sense.

The Government also notes that the Panel's decision forecloses Jabateh's instant § 1546(a) claim because it was rejected on direct appeal.  (Doc. No. 158.)  I agree.  "A Section 2255 petition is not a substitute for an appeal." Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1074-75 (3d Cir. 1985) (citing Frady, 456 U.S. at 165).  Accordingly, "Section 2255 generally 'may not be employed to relitigate questions which were raised and considered on direct appeal.'" United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (quoting Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986)).  The Third Circuit has identified four exceptions to this principle:

> 1) Newly discovered evidence that could not have reasonably been presented at the original trial
> 2) A change in applicable law
> 3) Incompetent prior representation by counsel
> 4) Or other circumstances indicating that an accused did not receive full and fair consideration of his federal constitutional and statutory claims.

United States v. Palumbo, 608 F.2d 529, 533 (3d Cir. 1979).  None of the exceptions applies here.

**Newly Discovered Evidence; Full and Fair Consideration**

The first <u>Palumbo</u> exception does not apply, as Jabateh offers no newly discovered evidence.  Nor does the fourth exception apply: both this Court and the Third Circuit afforded Jabateh full and fair consideration of his constitutional and statutory claims.  The Panel "heard an hours-long oral argument, and after that, ordered additional briefing, an action that is extremely rare."  Government's Response in Opposition at 3, <u>United States v. Jabateh</u>, 974 F.3d 281 (No. 18-1981).

That leaves the second and third <u>Palumbo</u> exceptions.

**Change in Applicable Law**

Jabateh contends that <u>Davis v. United States</u> allows me to grant § 2255 relief for a claim rejected on direct appeal, provided there has been a change in the law.  417 U.S. 333 (1974); (Doc. No. 156 at 10).   I do not agree.

The <u>Davis</u> Court held that an "intervening change in law" allows a § 2255 petitioner to raise a claim that had been denied on his direct appeal.  <u>Davis</u>, 417 U.S. at 342.  An intervening change in law occurs, however, only when "new law has been made . . . since the trial *and appeal*." <u>Id.</u> at 342 (citing <u>Kaufman v. United States </u>394 U.S. 217, 230 (1969)) (emphasis added).  There has thus not been an "intervening" change in law here: the change limiting § 1546(a)'s applicability to written statements occurred on—not "since"—Jabateh's appeal.  Accordingly, under <u>Davis</u>, the "change" was not "intervening," and so may not be applied to Jabateh's § 1546(a) convictions.

Seeking to evade this bar, Jabateh urges that the <u>Davis</u> "intervening change" requirement was abandoned last year in <u>Jones v. Hendrix</u> because the Court "did not mention that factor in summarizing the holding of <u>Davis</u>."  599 U.S. 465 (2023); (Doc. No. 159 at 3).  The <u>Jones</u> Court made several references to <u>Davis</u>, however, and explicitly acknowledged that <u>Davis</u> turned on an

"intervening change" in the law.  See Jones v. Hendrix, 599 U.S. 465, 477 (2023) (citing Davis, 417 U.S at 342-47).  Accordingly, the Davis "intervening change" requirement remains.  Because there has been no intervening change in the law, the second Palumbo exception does not apply.

**Ineffective Assistance of Counsel**

Jabateh must show that:

> (1) Counsel's performance was so deficient that it fell "outside the wide range of professionally competent assistance"; and
> (2) "the deficient performance prejudiced the defense" such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland v. Washington, 466 U.S. 668, 687, 690, 694 (1984).

Jabateh reasons that because § 1546(a) is not "generally ambiguous," coupled with the Panel's decision that the statute does not encompass oral statements, Mr. Pagano "cannot have carefully and critically read the indictment against the cited statute." (Doc. No. 156 at 12).  Yet, Jabateh acknowledges that this was an issue of first impression.  (Doc. No. 159 at 5).  As the Panel observed that Jabateh's appeal "present[ed] a new issue of interpretation, where only a close interpretive inquiry reveal[ed] the best reading of § 1546(a)."  Jabateh, 974 F.3d at 299.  Moreover, "there is no general duty on the part of defense counsel to anticipate changes in the law." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996) (quoting Gov't of the Virgin Islands v. Forte, 865 F.3d 59, 62 (3d Cir. 1989).  See also Harvey v. Schillinger, 893 F. Supp. 1021, 1031 (D. Wyo. 1995), aff'd, 76 F.3d 1528 (10th Cir. 1996) (counsel not ineffective under Strickland for failing to argue an issue of first impression); Weld v. United States, No. 16-cv-433, 2019 WL 2359562, at *2 (E.D. Tenn. June 4, 2019) ("Any such argument that Petitioner's counsel could have raised would therefore have been of first impression and thus necessarily novel.  Failing to do so does not demonstrate that counsel conducted himself outside "the wide range of reasonable professional

assistance." (citing <u>Strickland</u>, 466 U.S. at 689)).

In these circumstances, Mr. Pagano was not ineffective.  The third <u>Palumbo</u> exception thus does not apply.

## IV.    CONCLUSION

Using a plain error standard of review, the Third Circuit rejected Jabateh's direct appeal, where he raised the same § 1546(a) argument he does here.  With that rejection, the Third Circuit foreclosed the granting of relief on collateral review, which in any event, poses an even greater burden on Jabateh to obtain relief.

I will thus deny Jabateh's Section 2255 Motion without a hearing.

Because reasonable jurists would not debate the correctness of my ruling, I will not issue a certificate of appealability.  <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

An appropriate Order follows.

**AND IT IS SO ORDERED.**

<u>*/s/ Paul S. Diamond*</u>
Paul S. Diamond, J.